### In re ALDERSON.

(District Court, D. West Virginia. December 29, 1899.)

BANKRUPTCY—PROVABLE DEBTS—JUDGMENT FOR FINE.

Under Bankr. Act 1898, § 63a, providing that debts of a bankrupt may be proved and allowed against his estate which are "a fixed liability, as evidenced by a judgment, absolutely owing at the time of the filing of the petition," a judgment recovered by the state, in one of its courts, in a criminal prosecution for a misdemeanor, imposing a fine on the defendant together with the costs, is provable as a debt against his estate in bankruptcy, but is not entitled to priority of payment, and will be released by his discharge.

In Bankruptcy. On question certified by referee in bankruptcy

A. G. Patton, for Monroe county.

Miller & Reed, for bankrupt and certain creditors.

JACKSON, District Judge. The referee in bankruptcy has requested the instruction and ruling of the court as to whether transcripts from the records of the circuit court of Monroe county, showing a number of judgments against a bankrupt for fines upon indictments for unlawful retailing, together with the costs of each case, are provable debts, and, if so, whether the bankrupt is released from them by obtaining his discharge in bankruptcy. Section 63 of the bankrupt act of 1898 provides that:

"(a) Debts of the bankrupt may be proved and allowed against his estate, which are a fixed liability, as evidenced by a judgment or an instrument in

writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest."

It does not clearly appear whether these judgments were obtained before or since the filing of the petition in bankruptcy, but I infer from the nature of the statement sent to me by the referee that these were judgments that were obtained by the state against the bankrupt before he filed his petition in bankruptcy.

The question that is presented is whether or not a judgment obtained by a state upon a criminal prosecution is a "provable debt," and, if so, whether or not the state has a prior lien upon the estate of the bankrupt. There can be no question that a judgment of a state court against the bankrupt is a provable debt. Section 63 of the bankrupt act of 1898, as quoted, expressly declares that, where a liability is evidenced by a judgment, it is a provable debt.

There is no qualification of the language employed in the statute which would tend to show that congress intended to make a distinction in regard to judgments obtained against the bankrupt, either in favor of the United States or of a state. The construction that I give to this statute does not confine the proof of debts to the citizens of the country, but permits judgments obtained in either the courts of the United States or of a state against the petitioning creditor to be proved. That congress evidently intended that this should be the proper construction of section 63, it provided in section 17 of the bankrupt act of 1898 that a discharge shall release a bankrupt from all of his provable debts, except those that "are due as a tax levied by the United States, state, county, district, or municipality in which he resides." This provision is the only one that refers to any demands or claims that a state may urge against a bankrupt, and it is specific in its language. It says "that a discharge in bankruptcy shall release a bankrupt from all of his provable debts." This section provides for the only limitation that would prevent a bankrupt from obtaining a full discharge from all of his debts. For the reason assigned, I am of the opinion that the judgments filed in the case "are provable debts," and are not entitled to precedence in the distribution of the bankrupt's assets.