## In re MOORE.

### (District Court, W. D. Kentucky. October 21, 1901.)

BANKRUPTCY—PROVABLE DEBTS—JUDGMENT FOR FINE.

    A judgment imposing a fine as a punishment for violation of a state statute is not a debt provable against the estate of the defendant in bankruptcy. Although within the terms of Bankr. Act 1898, § 63a, defining provable debts, if literally construed, it cannot be supposed to have been the intention of congress that a discharge in bankruptcy should release a defendant from a fine imposed as a punishment for a criminal offense against the laws of either the United States or a state, and such section should be construed as applying only to civil liabilities.

In Bankruptcy. On petition to review decision of referee.

The following is the opinion of Bagby, referee:

On the 13th day of September, 1900, said John W. Moore was by the grand jury of the circuit court of McCracken county, Kentucky, indicted for keeping and maintaining a nuisance in the nature of a disorderly house; and on the 6th day of April, 1901, he was by the verdict of a petit jury in the circuit court of said county found guilty of the charge in the indictment,

111 F.—10

and his fine fixed at $400, upon which judgment was entered, and a capias pro fine awarded. Thereafter, on the 30th day of April, 1901, said Moore filed his petition in bankruptcy, and subsequently was adjudicated bankrupt. Afterwards the commonwealth of Kentucky filed herein its claim for amount of the judgment aforesaid. To this claim of the commonwealth of Kentucky the trustee of the bankrupt's estate has filed exceptions, and asked that same be disallowed and expunged, for the reason that same is not a provable debt in bankruptcy. The issue created by the exceptions of the trustee to the claim of the commonwealth of Kentucky filed in this proceeding is whether a judgment upon a fine under an indictment for the offense of keeping and maintaining a disorderly house is a provable debt, within the provisions of the present bankrupt law. In their rulings upon this question the courts have not been uniform, and, because of the importance of the interests involved and to be determined by the judgment of the court in this case, I have deemed it proper that the court should give some reasons for the conclusions reached by the judgment rendered herein.

Section 63 of the present bankrupt act reads as follows: "Debts Which may be Proved. (a) Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; (2) due as costs taxable against an involuntary bankrupt who was at the time of the filing of the petition against him plaintiff in a cause of action which would pass to the trustee and which the trustee declines to prosecute after notice; (3) founded upon a claim for taxable costs incurred in good faith by a creditor before the filing of the petition in an action to recover a provable debt; (4) founded upon an open account, or upon a contract express or implied; and (5) founded upon provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge, less costs incurred and interests accrued after the filing of the petition and up to the time of the entry of such judgments." A literal application of the section quoted makes every debt, claim, and demand against a bankrupt provable which exist at the time the petition in bankruptcy is filed. And from all such debts the bankrupt is released by his discharge according to section 17 of the bankrupt act. "Except such as (1) are due as a tax levied by the United States, the state, county, district or municipality in which he resides; (2) are judgments in actions of frauds, or obtaining property by false pretenses or false representations, or for willful or malicious injuries to person or property of another; (3) have not been fully scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity." Section 17 of the bankrupt statute. Reading together sections 63 and 17 of the bankrupt act, it appears that, with the exceptions named in section 17, a discharge in bankruptcy releases the bankrupt from all the provable debts, which are specifically named in section 63. The general ill effects resulting from a literal application of these provisions of the bankrupt law would be so far-reaching and disastrous to the public welfare, I cannot believe that such was the intention of congress in the passage of the act. It is a rule of construction that a thing which is within the letter of the statute is not within the statute, unless it be within the intention of the makers of the law; and the court, in order to ascertain the intention of the lawmaking body, will look at the whole statute and all its parts; and it is the duty of the court, when satisfied of this intention, to give effect thereto, and not defeat it by adhering too closely to the mere letter of the statute. Oates v. Bank, 100 U. S. 244, 25 L. Ed. 580.

If the claim of the commonwealth of Kentucky filed herein is a provable debt, within the contemplation of the bankrupt law, then the bankrupt will be discharged from so much of the fine adjudged against him by the state

court as the bankrupt's estate is insufficient to satisfy. And it is not contended that the claim is in any sense entitled to priority. For the court to so rule, should the estate of the bankrupt be insufficient to pay his creditors in full, would relieve the bankrupt from the fine imposed upon him as a punishment by the state court, and to that extent would operate as a pardon of his offense. I cannot believe that such was the intention of congress. It is a familiar rule of construction applicable to statutes that the government is not bound by a statute, unless expressly named therein. Laws are prima facie presumed to be made for subjects only, and the government will not be presumed to be binding itself by them unless this intention affirmatively appears. In England the crown is not reached, except by express words or by necessary implication, in any case where it would be ousted of any existing prerogative or interest. And so in the United States the states and national government are not bound by a general statutory provision whereby any of their prerogative rights, titles, or interests will be impaired, unless by express words or irresistible implication. Thus the statutes of limitation are no bar to claims by the government unless the government is included by express words. 23 Am. & Eng. Enc. Law. pp. 365-367. Section 34 of the bankrupt act of 1867 provides "that a discharge duly granted under this act shall * * * release the bankrupt from all debts, claims, liabilities and demands which were or might have been proved against his estate in bankruptcy, and may be pleaded, by a simple averment that on the day of its date such discharge was granted to him, * * * as a full and complete bar to all suits brought on and such debts, claims, liabilities or demands." Mr. Bishop, in his work on Statutory Crimes (section 103), referring to this section, says it "is of no avail against a suit by the government"; and in this connection the distinguished author quotes with approval U. S. v. Herron, 20 Wall. 251, 22 L. Ed. 275, wherein it is decided by the supreme court that debts due to the United States are not within the provisions of the bankrupt act of 1867, and are not barred by a discharge under such act, chiefly for two reasons: "(1) The United States are not named in any of the provisions of the act, except the one which provides as to all debts due the United States, and all taxes and assessments under the laws thereof. (2) That many of the provisions describing the duties, obligations, and rights of creditors, * * * if held to include the United States, could not fail to become a constant and irremediable source of public inconvenience and embarrassment." The effect of a discharge under section 17 of the present bankrupt statute has been very ably considered in the case of In re Baker (D. C.) 3 Am. Bankr. R. 101, 96 Fed. 963, wherein the court holds that the claim of a state is not within the provisions for the release of debts owing by the bankrupt by his discharge in bankruptcy, unless expressly made so, and declares that the legislature will not be taken to have postponed the public right to that of an individual, except in cases where such purpose has been most plainly manifest, and in support of its views cites Johnson v. Auditor, 78 Ky. 282, and the action of the United States supreme court in U. S. v. Herron. In reference to the last-named case the court says that the differences between the acts of 1867 and 1898 "are insufficient to indicate an express intention on the part of congress, in the passage of the present act, to establish a different rule as to the devesting of the government, national or state, of its rights or remedies, than that which obtained under the act of 1867, as construed by the supreme court in U. S. v. Herron, supra. If congress had intended that the bankrupt's discharge should operate as a release of his debts owing to the government, it would undoubtedly have so provided in unmistakable terms, especially in view of the rule of construction which has been established and so uniformly followed for so many years." Whether a discharge in bankruptcy will release a debtor from a fine came before Judge Lowell in the United States district court at Boston. A sentence of one year's imprisonment and a fine of $500 had been imposed on O'Donnell for complicity in the bribery of a certain alderman in Lowell. He had served his imprisonment, and contended that his discharge in bankruptcy exempted him from the payment of the fine, as that was one of the items included in his petition in bankruptcy. The commonwealth contended that the fine as well as the imprisonment was a punishment, and that by re-

lieving him from its payment the court would also relieve him from part of his punishment. Upon a writ of habeas corpus tried before Judge Lowell, the writ was refused. See 1 Nat. Bankr. N. p. 59. In construing section 68 of the present bankrupt law, which defines what debts are provable, in the case of Turner v. Turner, 3 Nat. Bankr. N. 823, 108 Fed. 785, in the United States district court, district of Indiana, the court says: "The court will not give to the meaning of a statute a construction which will defeat the benign policy of the state, and which would strike at the foundation of public order and tranquillity. It would overturn and defeat the wisest policy of the state. To so hold would be to decide that congress has the power indirectly, through a bankruptcy law, to defeat the policy of the state in one of its essential features of government. It could not do so directly, because the regulation of the police power is a matter of purely domestic concern. The court could not impute to congress the design to defeat the policy of the state, unless the language claimed to accomplish it is so clear and unmistakable that no other construction can be given it."

The views here contended for by the referee, he believes, are sustained by nearly if not all the leading authorities on bankrupt law and procedure. A fine, penalty, or costs imposed on the bankrupt as a penalty is not usually a provable debt. Lowell, Bankr. It seems clear from subdivision 1 of section 63 that all judgments are provable, except, perhaps, such as are imposed in the nature of punishments, and which are therefore not dischargeable. Coll. Bankr. 384. Such judgments entered before commencement of proceedings in bankruptcy do, indeed, evidence a fixed liability owing at the time, but we feel confident that they are not provable. They may be within the letter of the law, but are not within the spirit of it. Under all former acts they have been considered as not provable. Id. 386. It may be safely said, therefore, that a judgment for a fine, as distinguished from a judgment on a contract, express or implied, or for damages, is not provable. Branden. Bankr. 590, 591. In the absence of specific provision to the contrary, it has been uniformly held that debts due the sovereign are not released by a discharge in bankruptcy, nor is it in any wise bound by a bankruptcy law. Id. 266. That from which the bankrupt's discharge releases him is "all his provable debts." Section 17 of the bankrupt act. And section 1, subd. 11, of the act declares that " 'debt' shall include any debt, demand, or claim provable in bankruptcy." From investigation I am disposed to hold that a judgment to recover a fine imposed in the nature of a punishment is not a debt, claim, or demand contemplated by the bankrupt law. The word "debt," as defined by Mr. Blackstone, is: "A sum of money due by certain or express agreement, as by a bond for a determined sum; a bill or note; a special bargain; or rent reserved on a lease; where the quantity is fixed and specific, and does not depend upon any subsequent valuation to settle it." Referring to this definition, Mr. Loveland, in his work on the Law and Proceedings in Bankruptcy, says: "That this is the sense in which 'debt' is used in this section is fairly to be inferred from the context. * * * If this be the meaning of 'debt' in this section, it is clear that a judgment for a fine or penalty, or a claim for alimony, or any other claim or debt not founded upon an agreement or contract, however just or lawful in itself, is not provable in bankruptcy." Loveland, Bankr. § 110. "Debt" has been held not to include a liability in tort, nor costs in a criminal case, nor a fine. 5 Am. & Eng. Enc. Law, 149–152, and notes. In the case of Spalding v. People, 7 Hill, 301, where a fine of $3,000, with costs, had been imposed as a penalty for a criminal offense, the court says: "The very statement of the case is therefore enough to show that there is no color for the ground taken, viz. that the fine is a debt, within the bankrupt law. It is no more a debt than if it had been imposed after conviction on an indictment, or for any of the numerous minor offenses within the calendar of crimes." In this case the debtor applied to the United States court for a writ of habeas corpus, and on appeal to the supreme court of the United States it was held that the fine was not affected by the discharge. 4 How. 21, 11 L. Ed. 858. To the same effect is In re Sutherland, 3 N. B. R. 314, Fed. Cas. No. 13,639, where, after giving the definitions of "debt" in 3 Bl. Comm. 154, and Gray v. Bennett, 3 Metc. (Mass.) 522, the court said: "Look-

ing at the act or the nature of the subject either separately or conjunctively, it appears to me that a judgment for a fine, imposed as a punishment for crime, is not a debt provable against the estate of the bankrupt." This was a decision rendered in the construction of the bankrupt act of 1841 relative to provable debts in bankruptcy,—a statute in this respect quite like the present act.

Counsel insist that the fine in this case having been reduced to judgment before the petition in bankruptcy was filed, according to the provisions of subdivision 1 of section 63, it then becomes a debt, and "a fixed liability, as evidenced by a judgment, absolutely owing at the time of the filing of the petition," and therefore a provable debt; that the criminal nature of the liability is merged in the judgment, and thereby becomes a debt. I do not concur in this statement of the law. It appears to me the better opinion and weight of authority that a claim is not merged in judgment so far as to change the nature of the indebtedness out of which judgment arises. It is true, under the act of 1867 the decisions were not uniform on this point; but after a time the question was presented to the supreme court of the United States in the case of Boynton v. Ball, where the court held that the doctrine of merger did not apply, and that the debt remained the same. See, also, In re McBryde, 3 Am. Bankr. R. 729, 99 Fed. 686; Beers v. Hanlin (D. C.) 99 Fed. 695; and the able opinion of Referee Hotchkiss in Re Pinkel, 1 Am. Bankr. R. 333; and Coll. Bankr. 384. My attention has been invited to the decision of Judge Jackson in the case of In re Alderson (D. C.) 98 Fed. 588, in which a contrary opinion is expressed. I regret that after a careful consideration of the questions at issue in this case, and a review of the authorities bearing on the same, I cannot reach the conclusions at which Judge Jackson has arrived.

The exceptions to the claim of the commonwealth of Kentucky filed by the trustee herein are sustained, and allowance of the claim is refused.

Samuel Houston, for F. W. Cook Brewing Co. and Arthur Martin, trustee of bankrupt.

W. F. Bradshaw and Eugene Graves, for the Commonwealth.

Hendricks & Miller, for the bankrupt.

EVANS, District Judge. This proceeding is before the court upon a petition for a review of the ruling of the referee expunging the proof of debt filed by the commonwealth of Kentucky. The claim thus proved is for the amount of a fine imposed by a judgment of a state court in a criminal prosecution upon an indictment for a serious public offense. At the trial of the indictment the bankrupt was found guilty, and the statutory punishment was inflicted as the result. Subsequently the petition in the case was filed. The referee disallowed the claim upon the exceptions filed by the trustee, and the question is now before the court upon that ruling. It might be admitted that sections 63 and 17 of the bankrupt act, if only the letter of those provisions be looked to, would embrace such judgments as the one referred to; but it is well settled that there may be cases in which such literal construction is not admissible. U. S. v. Kirby, 7 Wall. 437, 19 L. Ed. 278. And especially where it would lead to an absurd result. Lau Ow Bew v. U. S., 144 U. S. 59, 12 Sup. Ct. 517, 36 L. Ed. 340. I shall not go into details in this opinion. It may suffice to say that nothing but a ruling from a higher court would convince me that congress, by any provision of the bankrupt act, intended to permit the discharge, under its operations, of any judgment rendered by a state or federal court imposing a fine in the enforcement of criminal laws, as such, of either jurisdiction. In my opinion, it was never in-

tended in this indirect way, in derogation of the exclusive right of the chief executive to pardon offenders or to remit fines imposed upon them, to relieve criminals from penalties incurred for criminal acts. It seems to me that to rule otherwise would make the bankrupt court the means of frustrating proper efforts to enforce criminal statutes enacted for the public welfare. Congress, in my opinion, never so contemplated or intended. . Judgments such as the one proved in this case may possibly appear to come within the letter of the statute; but nevertheless, as neither state nor national government is mentioned in the act in this connection, I am persuaded that its operations cannot properly be held to embrace judgments imposed in executing the public criminal laws. End. Interp. St. § 161; Black, Interp. St. pp. 119, 120, and cases cited. While in its broadest interpretation this general principle might be considered as applying only to the sovereignty which enacted the statute, still, in our dual form of government, and in view of the considerations already suggested and of an obvious public policy, I think it is clear that the operation of the principle must be so extended as also to exclude the states of the Union, when congress enacts the legislation, and that it should be held in the case before us that congress did not mean to include within the operations of the bankrupt act fines imposed in executing the criminal laws of a state because it did not expressly legislate to the effect that such fines were dischargeable. I know this is a view different from that taken by the venerable judge of the district court of West Virginia in the case of In re Alderson, 98 Fed. 588, 3 Am. Bankr. R. 544; but, with all due respect to that learned and most experienced judge, I cannot yield the convictions which I have expressed. The provisions of the bankrupt act have reference alone to civil liabilities, as demands between debtor and creditor, as such, and not to punishments inflicted pro bono publico for crimes committed. The use of the word "debts" in sections 17 and 63 seems to make this construction inevitable. Any other construction would seem to be improper, and might trench, as already indicated, upon the exclusive constitutional right of the chief magistrate, state or national, to remit fines and grant pardons. With the exceptions mentioned in section 17, any "debt" which is provable is made dischargeable. As a judgment like the one in question does not come within any one of the exceptions, it will be discharged, if provable. As I do not think it can be discharged, the test upon which its provability depends is not met. If these principles are sound, their operation will control in regard to the judgments of federal courts as well as to the judgments of state courts in criminal cases.

. It may possibly be that the fine in this case has been replevied, in which event, if the sureties have paid it, or if they do pay it before the distribution of the assets in this case, a civil liability may, and doubtless would, be thereby created between the sureties and the bankrupt, which would be provable by the sureties alone, and they might be entitled to their pro rata share of the assets. This should be looked into, and, if the fact exist, provision should be made accordingly, but otherwise the ruling of the referee is approved and confirmed.