Here the total value of the entire premises was paid into court by the condemnor, a course not always applicable, Boston Chamber of Commerce v. City of Boston, supra, yet often followed as both convenient and equitable. Matter of Trustees of the New York & Brooklyn Bridge, 137 N.Y. 95, 32 N.E. 1054; In re Delancey Street in City of New York, 120 App.Div. 700, 105 N.Y.S. 779; United States v. Miller, supra. On this record we cannot say whether respondent's assertion is well founded, and if so, whether petitioner is at least partially to be blamed for the low award. Cf. Silberman v. United States, 1 Cir., 131 F.2d 715, 718. But we think it proper to point out that petitioner's claim here is properly for an equitable apportionment of the total sum based on the extent of its interest, rather than merely for some absolute value considered in vacuo. In re Allen St. and First Ave., 256 N.Y. 236, 242, 243, 176 N.E. 377; In re Daly, 29 App.Div. 286, 51 N.Y.S. 576; Edmund Realty Co. v. Walmer Bldg. Co., supra.

Reversed and remanded for further proceedings not inconsistent with this opinion.

Leonard Brown and Leo Brewer, both of San Antonio, Tex., and Warren O. Coleman, of New Orleans, La., for appellant.

Ben F. Foster, U. S. Atty., and James M. Burnett, Asst. U. S. Atty., both of San Antonio, Tex., for appellee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

We are not triers of fact. The law, in its wisdom, does not authorize this court to substitute the reactions as to the facts which it gains from a perusal of the cold, printed type for those of the lower court which saw and heard the witnesses, observed their demeanor on the stand, and thus was placed in far better position to know the true and false than this court; and where, as here, we cannot say that there was no substantial evidence upon which the verdict and judgment of the lower court was based, the verdict and judgment of the court below will not be disturbed.

Affirmed.

## HARGROVE v. UNITED STATES.
### No. 10559.

Circuit Court of Appeals, Fifth Circuit.

Jan. 7, 1944.

Rehearing Denied Feb. 7, 1944.

## UNITED STATES v. STRAWBRIDGE.
### No. 10799.

Circuit Court of Appeals, Fifth Circuit.

Jan. 14, 1944.