## COPPERSMITH v. UNITED STATES.

### No. 5906.

United States Court of Appeals
Fourth Circuit.

Argued July 7, 1949.

Decided July 21, 1949.

Russell T. Bradford, Norfolk, Va., and Forrest V. Dunstan, Elizabeth City, N. C., for appellant.

John B. McMullan, Asst. U. S. Atty., Elizabeth City, N. C. (John H. Manning, U. S. Atty., Raleigh, N. C., and H. H. Hubbard, Asst. U. S. Atty., Clinton, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, SOPER and DOBIE, Circuit Judges.

PER CURIAM.

Appellant was convicted of operating an illicit distillery in violation of the internal revenue laws. His principal contention is that the proof was not sufficient to sustain the conviction; but, while the evidence was circumstantial, the circumstances were not denied or explained and pointed unmistakably to appellant's guilt. In view of the rule that on motion for directed verdict, the evidence must be taken

in the light most favorable to the prosecution, there can be no question as to its sufficiency. It may be briefly summarized as follows:

Officers of the government located a 500 gallon still, with 1,700 gallons of fermenting mash and ten gallons of non tax paid whiskey, less than a quarter of a mile distant from appellant's home and place of business in a rural section in Camden County, N. C. They estimated that the mash would be ready for distillation two days later and they then returned and secreted themselves in the surrounding woods. In a short while two colored men came to the still site carrying a can of gasoline, and the officers arrested them. A short while later a white man drove a cart containing some five gallon jugs to within 25 yards of the still, and he too was arrested. The officers again secreted themselves and waited and, in a short while, appellant came walking down a path that led to the still. When he had arrived at a point 75 yards from the still he stopped and whistled in a manner which the government agents described as "inquisitive". Not receiving an answer to this, he continued down the path to within 50 yards of the still, where he again whistled twice in the same manner and was answered by a whistle from one of the officers hidden at the still. He proceeded to the cart and jugs, looked at them and then walked two or three steps in the pathway towards the still, when one of the officers stepped forward and appellant stepped backward and started to run but stopped when another officer told him that he was recognized and that there was no need of running. Upon being arrested, he gave no explanation of his presence and no denial of connection with the operation of the still, and his wife subsequently signed in his presence the appearance bonds of the two colored men who had been arrested at the distillery. On the trial of the case no explanation was given of any of the circumstances narrated above. Certainly, the jury was amply justified in concluding that appellant was implicated in the operation of the distillery which had been found so near his home and place of business and at which he put in an appearance under such suspicious circumstances.

Appellant complains here of certain passages of the charge to the jury; but no objection was made or exception noted at the time and there are no such unusual circumstances as would warrant our noticing now alleged errors which appellant's counsel did not think of sufficient importance to call to the attention of the trial judge as required by Rule 30 of the Rules of Criminal Procedure, 18 U.S.C.A. We have read the charge carefully and find in it nothing of which appellant can justly complain. It submits the case fairly to the jury under correct rules of law, and this is all defendant can ask. There was no error and the judgment appealed from will be affirmed. As there is no such substantial question in the record as would justify the admission of appellant to bail pending appeal, the mandate of this court will issue forthwith and will not be stayed, nor will appellant be admitted to bail pending application for certiorari.

Affirmed.