BARNES et al. v. UNITED STATES.

No. 13409.

United States Court of Appeals
Fifth Circuit.

Nov. 13, 1951.

Rehearing Denied Jan. 22, 1952.

---

Charles L. Gowen, Brunswick, Ga., for appellants.

Henry H. Durrence, Asst. U. S. Atty., Savannah, Ga., for appellee.

Before JOSEPH C. HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

In an indictment containing forty-five counts, the appellants were charged with conspiring to violate and with violating the National Bankruptcy Act. 18 U.S.C. § 371; 18 U.S.C. § 152; 11 U.S.C. § 52. Appellant Owen P. Barnes, Jr., was convicted upon each count of the indictment, except count 36 as to which he was acquitted. Appellant Mangieri was convicted upon counts 1 and 39, and was acquitted upon all others. Appellant Owen P. Barnes, Sr., was convicted upon count 39, and acquitted upon all others.

Count 1 charged all of those indicted with conspiracy to violate the National Bankruptcy Act. Count 39 charged all of them with concealing, destroying, and mutilating, the books, records, and documents, of Charles Edward Mangieri, trading as M. L. & A. Timbers. From the sentences imposed upon them, each of the defendants appealed.

This case concerns the activities of the appellants in relation to the operation and transaction of a business carried on under the name of M. L. & A. Timbers, which consisted of buying and selling lumber. Though Charles Edward Mangieri had filed a trade-name affidavit as owner of M. L. & A. Timbers, Owen P. Barnes, Jr., was the manager and had general control of the business, and Mangieri was working under his direction. Owen P. Barnes, Sr., had no particular job with the firm, but did various jobs, shifting from one to another as the need would arise. An involuntary petition in bankruptcy was filed against Charles E. Mangieri, trading as M. L. & A. Timbers, on January 23, 1948, and he was adjudicated a bankrupt on February 25, 1948.

Prior to the fall of 1947, M. L. & A. Timbers was becoming increasingly involved in debt; and creditors, from whom lumber and other materials had been purchased, began pressing for payment of their claims. By December 27, 1947, M. L. & A. Timbers had ceased all its activity other than purchasing lumber on credit, which was being sold for cash at a price, in most instances, less than it had bargained to pay for it. In the process of buying on credit, selling for cash, and spending the cash, some creditors were being preferred over others, thus defeating the administration of the bankruptcy law. In January and February, 1948, there were various movements of papers and records of M. L. & A. Timbers, some of which were moved to the home of Barnes, Jr., and Barnes, Sr., both of whom lived in the same house. On January 18, 1948, there was a fire in the office of M. L. & A. Timbers, which damaged books, records, and furniture.

The question presented on appeal is whether the evidence was sufficient to authorize a conviction of the appellants. We have no doubt as to the sufficiency of the evidence to support a verdict against appellants Owen P. Barnes, Jr., and Charles E. Mangieri on the counts upon which they were convicted. See Beland v. United States, 5 Cir., 100 F.2d 289; Carter v. United States, 8 Cir., 19 F.2d 431; Kelly v. United States, 5 Cir., 47 F.2d 122; Unit-

468

ed States v. Olweiss, 2 Cir., 138 F.2d 798. There being substantial evidence to support the verdict, the judgment based thereon will not be disturbed. Hargrove v. United States, 5 Cir., 139 F.2d 1014.

 As to the appellant Owen P. Barnes, Sr., taking the view most favorable to the government, there is no substantial evidence to support the verdict. Substantially all that was shown in regard to Barnes, Sr., under count 39, was that some records were left at the house which he shared with his son.

The sentences as to appellants Owen P. Barnes, Jr., and Charles E. Mangieri are affirmed. As to Owen P. Barnes, Sr., the judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.