**Owen P. BARNES, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15450.**

United States Court of Appeals
Fifth Circuit.

June 30, 1955.

Porter P. Byrum, Charlotte, N. C., for appellant.

William C. Calhoun, U. S. Atty., Augusta, Ga., Donald H. Fraser, Asst. U. S. Atty., Savannah, Ga., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, Owen P. Barnes, Jr., was convicted on forty-four counts for violation of the Bankruptcy Act. 18 U.S.C.A. §§ 151 and 152, formerly 11 U.S.C.A. § 52. The statute permits punishment by a fine of not more than $5,000 or imprisonment of not more than five years, or both. He was sentenced to imprisonment for two years and fined $5,000. The sentence did not require the appellant to pay the costs of prosecution. An appeal to this Court was taken and an appeal bond was given with provisions for a supersedeas and stay of execution. The bond recited:

> "Whereas * * * a Judgment was rendered * * * sentencing said Owen P. Barnes, Jr. to be imprisoned for a term of Two Years * * * and also to pay a fine of Five Thousand Dollars ($5,000.00), and costs of prosecution * * *."

That portion of the recital referring to "costs of prosecution" was incorrect. The condition of the bond is:

> "Now, the condition of the above obligation is such that if the said Owen P. Barnes, Jr. shall prosecute his writ of error to effect, and if he fail to make his plea good, shall an-

swer and pay said fine and all damages and costs and shall also personally be and appear here in this Court from day to day during the present term and from term to term of this Court thereafter, pending said proceedings in error, and shall surrender himself to the United States Marshal of this district and be present to abide the Judgment of this Court or that of the United States Court of Appeals and serve his sentence and not depart the jurisdiction of this Court without leave thereof, then this obligation to be void; otherwise to remain in full force and virtue.

"(Signed) Owen P.
Barnes, Jr. (Seal)
(Signed) Joseph M.
Ocampo (Seal)
.......... (Seal)"

The conviction was affirmed. 5 Cir., 192 F.2d 466. The United States Supreme Court denied certiorari. 343 U.S. 942, 72 S.Ct. 1035, 96 L.Ed. 1347. The appellant filed a petition setting up the foregoing facts and praying that the bond be amended to conform to the judgment by striking that portion of the bond which requires the appellant to pay the costs of prosecution. The United States, in its answer to the petition, admitted that the recital as to the judgment requiring payment of costs of prosecution was included by mistake. It denied that the provision requiring the payment of "all damages and costs" was put in by mistake and denied that such provision was void.

By statute it is provided:

"(a) Costs shall be included in any judgment, order, or decree rendered against any person for the violation of an Act of Congress in which a civil fine or forfeiture of property is provided for.

"(b) Whenever any conviction for any offense not capital is obtained in a district court, the court may order that the defendant pay the costs of prosecution. June 25, 1948, c. 646, 62 Stat. 955." 28 U.S.C.A. § 1918.

The Congress has provided that the District Court is required to include costs in any judgment of a civil fine but that the requiring of payment of costs of prosecution in a criminal case is discretionary. The District Court exercised its discretion and fixed imprisonment at two years although it might have been five years. In the exercise of the Court's discretion, it fixed the fine at $5,000. Also in the exercise of the discretion bestowed by the statute the Court omitted from its sentence any requirement that the appellant pay the costs of prosecution.

In the Federal Rules of Criminal Procedure we find:

"A sentence to pay a fine or a fine and costs, if an appeal is taken, may be stayed by the district court or by the court of appeals upon such terms as the court deems proper. The court may require the defendant pending appeal to deposit the whole or any part of the fine and costs in the registry of the district court, or to give bond for the payment thereof, or to submit to an examination of assets, and it may make any appropriate order to restrain the defendant from dissipating his assets." Rule 38(a)(3), Fed.Rules Crim. Proc. 18 U.S.C.A.

A sentence in a criminal case is the action of the Court fixing and declaring the legal consequences of predetermined guilt of a criminal offense. See 24 C.J.S., Criminal Law, § 1556, p. 15. It is apparent from the rule that where the Court directs the payment by a person convicted of a crime, of a fine and costs, the direction is a part of the sentence.

The District Court has no power to increase a sentence after affirmance, nor, except as provided by Rule 35, Fed.Rules Crim.Proc., to change a sentence after affirmance. Morris v. United States, 8 Cir., 1911, 185 F. 73; United States v. Tuffanelli, 7 Cir., 1943, 138 F.2d 981. It would not be contended, we think, that the right of the District

Court to stay sentence "upon such terms as the court deems proper" includes a power to condition the bond upon an increase of the sentence in the event of an affirmance from the two years, as imposed upon the appellant to the maximum of five years. So also the rule does not give the District Court the power to condition the bond upon an increase of the sentence in the event of an affirmance by a requirement that the appellant pay the costs of prosecution.

 In the Findings of Fact, Conclusions of Law and Judgment of the District Court two cases are cited, United States v. Hodson, 10 Wall. 395, 77 U.S. 395, 19 L.Ed. 937, and LaGrotta v. United States, 8 Cir., 77 F.2d 673, 103 A.L.R. 527. In neither of these cases was the condition of the bond such as would have changed, upon affirmance, the penalties of the sentence. In the Hodson case a bond in a revenue case was before the Court and it was pointed out that revenue laws were remedial, not penal, and hence to be construed liberally. Before us is a bond in a criminal case and it is to be strictly construed. In both of the cases last cited it was noted that the bonds were voluntary. The Court in the Hodson opinion says that if the bond is executed under constraint the constraint will destroy it. If bonds for the stay of sentence during the appeal of criminal convictions may include conditions altering the punishment they may well become coercive. The prayer of the petition should have been granted.

The appellant contends that the bond, properly construed, does not require the payment by him, upon affirmance, of the costs of prosecution. There is much to be said for this position, particularly when the language is construed, as we think it should be, most favorably for the appellant. But having decided the appeal on another ground, there is no occasion to decide this point.

The Judgment of the District Court is reversed and remanded for the entry of an order granting the prayer of appellant's petition.