**Salvador ESCALANTE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15445.**

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1955.

Joseph A. Calamia, El Paso, Tex., for appellant.

Holvey Williams, Asst. U. S. Atty., El Paso, Tex., Russell B. Wine, U. S. Atty., San Antonio, Tex., Wm. Monroe Kerr, Asst. U. S. Atty., Midland, Tex., for appellee.

Before HOLMES, RIVES and CAMERON, Circuit Judges.

RIVES, Circuit Judge.

Appellant and two co-defendants were convicted of stealing, having in their possession knowing the property to have been stolen, and conspiring to steal and so possess, 40 bedspreads which were part of an interstate shipment of freight in violation of Sections 659 and 371, Title 18 United States Code. Appellant insists that the district court erred in denying his motion for judgment of acquittal because there was no substantial evidence to identify him as one of the guilty parties.

The theft occurred between 12 noon and 1:00 p. m. Immediately thereafter, two men were seen carrying a carton containing the stolen goods and putting it in the trunk of the automobile in which a third man was sitting. No witness could identify the men as of that time, but the automobile was observed and its license number taken. The appellant was arrested about an hour and fifteen minutes later, approximately six or seven miles from the scene of the theft. At the time of arrest, he was in the automobile identified as at the scene and in which the goods were placed. With him were two co-defendants, also arrested at the same time, one of whom, the owner of the car, confessed, and the other of whom was convicted after sufficient indentification.

The stolen goods were not found in the automobile, but were found the next day in the apartment of one Rivera. Rivera's wife testified that the carton containing the bedspreads was brought into the apartment by three men she had not seen before, and she positively identified the one who confessed. She went with the police to the police station and there identified the appellant and his co-defendants. On the trial, however, she testified as to the appellant at first that, "I think it's the one in the blue", and later stated, "I am not sure."

Susanna Flores, who lived "four doors" from Rivera's apartment, was in her yard during the noon hour of the theft, at a distance about from the witness stand to the counsel table from Rivera's yard. She saw "three or four" men carrying "some packages like blankets or bedspreads" from the car into Rivera's apartment. She testified that the upper parts of the men's bodies were bare and, "That's the only way I can recognize them because they had tattoos on their body"; that "One of them had the Virgin of Guadalupe on his back, the tattoo on his back"; that "I am not sure but I think its that one with the blue shirt on (Indicating)." That was the appellant. On cross-examination, she admitted, "I could not remember of those (sic), not by their faces."

The Superintendent of the Identification and Records Bureau of the Police Department testified that he knew the appellant "just by sight"; that his official records on Salvador Escalante showed the following tattoo marks:

"On the left arm, upper arm, outer, near shoulder: a woman's face. Left arm, forearm inner, a tattoo, a name: 'Esther' in Spanish. Then 'Love', 'L-o-v-e' and a naked woman.

Three long cut scars back of hand and 'born to suffer' spelled out. Right arm, upper arm outer, a tattoo: a naked woman. Forearm, outer, the name: 'Lilly'. Forearm, inner, a queen's image. On the body: Image of Christ, center of the chest; one angel to each side. On back: The image of the Virgin of Guadalupe."

Appellant elected not to testify, but Rivera took the stand to testify that *he* had a Virgin Mary of Guadalupe tattooed on *his* back. Rivera's wife, however, had never seen any one of the three men who brought in the stolen goods. His neighbor, Susanna Flores, knew Rivera by sight, but did not identify him as the one she saw with this tattoo on his back.

█ Under the rule often stated as to when the evidence is sufficient to make a jury question, we think that there was sufficient evidence to justify the submission to the jury of the issue of appellant's identification as one of the three guilty men. See Barnes v. United States, 5 Cir., 192 F.2d 466, 468; Vick v. United States, 5 Cir., 216 F.2d 228, 232; Lloyd v. United States, 5 Cir., 226 F.2d 9.

█ The only other claimed error is the refusal of the district court to declare a mistrial. A special agent of the F.B.I., who was present when the witness Pilar Rivera testified before the Commissioner, was asked by the United States Attorney: "2. Did she at that time identify—". At that point counsel for a co-defendant of appellant objected and his objection was sustained, the court stating, "I thought we weren't going into that", and instructing the jury to disregard the question. Counsel for the co-defendant nevertheless moved for a mistrial claiming "bad faith on the part of the prosecution", which motion was overruled. Obvious answers to appellant's insistence on reversal because of such ruling are: First, that the district court was in better position than is this Court to know whether any such bad faith in fact existed; second, the ruling was not in response to any motion made on appellant's behalf; and third, the

question was neither completed nor answered, and, being excluded, no prejudice can be presumed.

The judgment is therefore

Affirmed.

The motion of the sureties on appellant's bail bond, in which they state that appellant has absconded, was received after the foregoing opinion had been written and concurred in by a majority of this Court. In view of the averments of said motion, it is ordered that the mandate of this Court issue and be sent down at once. See Mackreth v. United States, 5 Cir., 103 F.2d 495; Coppersmith v. United States, 4 Cir., 176 F.2d 353; 28 U.S.C.A. § 2106; Fifth Circuit Court Rule 32.