**In the Matter of Roger Alan COX, d/b/a Law Enforcement Ordnance Company, Debtor.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Roger Alan COX, d/b/a Law Enforcement Ordnance Company, Defendant.**

**Bankruptcy No. 82–30023–Ath.
Adv. No. 82–3055.**

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

Oct. 5, 1983.

Lillian H. Lockary, Asst. U.S. Atty., Macon, Ga., for plaintiff.

J. Hue Henry, Henry & Marshall, Athens, Ga., for defendant.

**MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT**

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

**STATEMENT OF THE CASE**

On February 4, 1982, Defendant Roger Alan Cox, d/b/a Law Enforcement Ordnance Company, filed with this Court his petition under chapter 7 of title 11 of the United States Code. On April 6, 1982, Plaintiff, the United States of America, filed a "Complaint for Determination of Dischargeability."

On March 3, 1983, Plaintiff filed its "Motion for Summary Judgment." After reviewing the facts and considering the briefs of counsel, the Court is of the opinion that the motion should be granted. In support of its opinion, the Court publishes the following findings of fact and conclusions of law.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The facts of this adversary proceeding are not in dispute. Defendant was found guilty on all counts in a criminal trial in the United States District Court for the Middle District of Georgia. In addition to a jail term and a period of probation, Defendant was ordered to pay to Plaintiff the costs of prosecution.

Following the imposition of sentence on Defendant, the United States Attorney submitted to the district court a verified bill of costs as required by 28 U.S.C.A. § 1924 (West 1966). Costs of prosecution were taxed by the district court against Defendant in the amount of $7,822.96, based upon the United States Attorney's verified bill of costs.

After Defendant filed a notice of appeal to his criminal conviction, Plaintiff filed a motion in the district court under Fed.R. Crim.P. 38(a)(3), asking the district court to require Defendant to deposit the costs of $7,822.96 into the registry of the district court or to post bond for the costs.

Prior to the filing of Plaintiff's rule 38 motion, Defendant filed his bankruptcy case. In the district court, Defendant responded to Plaintiff's rule 38 motion by asserting that he had filed bankruptcy. Defendant argued that his bankruptcy filing discharged his $7,822.96 debt to Plaintiff and thus mooted Plaintiff's rule 38 motion. The district court overruled Defendant's argument and entered an order on April 9, 1982 giving Defendant ten days either to deposit the $7,822.96 in costs with the clerk of court or to post bond for the costs.

Defendant's conviction in district court was affirmed by the Eleventh Circuit Court of Appeals. In its decision, the Eleventh Circuit noted that "the only remaining issue is whether the costs of the prosecution are dischargeable in bankruptcy. We conclude that this question should be decided by the Bankruptcy Court where this issue is presently pending." *United States v. Cox,* 696 F.2d 1294, 1299 (11th Cir.1983).

Thus, this Court must determine whether the obligation of Defendant to pay the costs of prosecution is dischargeable in bankruptcy. In its complaint, Plaintiff asserts that Defendant's obligation to pay the costs of prosecution is nondischargeable under section 523(a)(7) of the Bankruptcy Code, which provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

11 U.S.C.A. § 523(a)(7) (West 1979).

In order to understand section 523(a)(7), it is necessary to review its origin in the Bankruptcy Act. Section 57j of the Bankruptcy Act provided:

Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law.

Law of July 1, 1898, ch. 541, § 57j, 30 Stat. 560 as amended (repealed 1979). Section

57j dealt with the *allowability* of a claim; it did not address the provability or the dischargeability of a debt. The provability of a debt was determined by section 63 of the Bankruptcy Act.[1] Only those creditors with provable debts were entitled to participate in the distribution of the debtor's estate. 3A Collier on Bankruptcy ¶ 63.02 (14th ed. 1975). The dischargeability of a debt was determined by section 17 of the Bankruptcy Act.[2] Section 17 released a bankrupt "from all of his provable debts, whether allowable in full or in part" subject to certain statutory exceptions. Thus, allowance, provability, and dischargeability were separate determinations under the Bankruptcy Act. Collier on Bankruptcy notes: "It is well established ... that a debt may be such ... that it is not dischargeable in bankruptcy even though it may be provable and share in distribution." 1A Collier on Bankruptcy ¶ 17.03 (14th ed. 1978) (quoting *Hartford Accident & Indemnity Co. v. Flanagan*, 28 F.Supp. 415, 418 (S.D.Ohio 1939)).

Although section 17 of the Bankruptcy Act did not speak specifically to the dischargeability of fines and penalties, courts, in applying the Act, found fines and penalties to be nondischargeable. For example, in *In re Moore*, 111 F. 145 (W.D.Ky.1901), the bankrupt had been convicted in a criminal proceeding in state court and a fine was imposed. The court held that a fine imposed upon the conviction of a crime is not provable in bankruptcy. The court went on to note:

> It may suffice to say that nothing but a ruling from a higher court would convince me that congress, by any provision of the bankrupt [sic] act, intended to permit the discharge, under its operations, of any judgment rendered by a state or federal court imposing a fine in the enforcement of criminal laws, as such, of either jurisdiction.... The provisions of the bankrupt [sic] act have reference alone to civil liabilities, as demands between debtor and creditor, as such, and not to punishments inflicted pro bono publico for

crimes committed.... Any other construction would seem to be improper, and might trench, as already indicated, upon the exclusive constitutional right of the chief magistrate, state or national, to remit fines and grant pardons.

*Id.* at 149–50. *See also In re Abramson*, 210 F. 878 (2d Cir.1914) (civil penalty not dischargeable because not allowable); *California v. Marcus (In re Marcus)*, 3 Bankr.Ct. Dec. 65 (Bankr.N.D.Cal.1977).

Collier on Bankruptcy makes the following observation on the dischargeability of fines and penalties under the Bankruptcy Act:

> The Bankruptcy Act made no specific provision concerning the dischargeability of fines and penalties due to a governmental unit, but certain principles became well settled in this respect. Fines for violation of law, and forfeiture were not provable and therefore held to be not dischargeable. Generally, fines and penalties were not affected by discharge....

3 Collier on Bankruptcy ¶ 523.17 (15th ed. 1983) (footnotes omitted).

Section 57j of the Bankruptcy Act disallowed claims of the government "except for the amount of the pecuniary loss sustained" by the government. Collier on Bankruptcy explains the pecuniary loss provision of 57j as follows:

> In limiting allowability to the amount of the pecuniary loss sustained by the sovereign, including interest thereon at the legal rate as well as reasonable and actual costs, the provision might be understood to cover only such situations as by their nature are apt to result in a financial loss to the sovereign. This would exclude from its scope the bulk of fines, penalties and other financial sanctions whose function in no way differs from that of most criminal laws in that they neither compensate for a financial loss suffered by the state nor open a source of revenue, but merely regulate human behavior through the threat of

---

1. Law of July 1, 1898, ch. 541, § 63, 30 Stat. 562 as amended (repealed 1979).

2. Law of July 1, 1898, ch. 541, § 17, 30 Stat. 550 as amended (repealed 1979).

financial retribution. It is perfectly conceivable that a bankruptcy law is anxious not to curtail this sovereign power to mete out punishment and therefore treats claims for penalties on a footing of equality with, if not of precedence over, other claims. Yet there is on the other hand the natural tendency and task of the bankruptcy law to mitigate as far as possible the losses to be sustained by creditors, and under this aspect there is an undeniable equity in the postulate that participation in the estate should be denied to a creditor who has neither in some degree contributed to the distributable funds (*e.g.,* by the governmental protection on which taxation is supposed to be based), nor has suffered a pecuniary loss by parting with something in money's worth. It is this consideration for the bankrupt's creditors that pervades § 57j . . . .

3 Collier on Bankruptcy ¶ 57.22 (14th ed. 1977).

Thus, under the Bankruptcy Act, the government's claim for pecuniary loss was not to be distinguished from the claims of other creditors and was to participate in the distribution from the bankrupt's estate. A claim for a penalty that was not for actual pecuniary loss was not to lessen the distribution to creditors. Such claims were, therefore, not allowed, and generally the underlying debts were held not dischargeable in bankruptcy under case law. *See* 3 Collier on Bankruptcy ¶ 523.17 (15th ed. 1983). This twofold objective of the Bankruptcy Act was aptly described by the court in *In re Abramson,* 210 F. 878, 880 (2d Cir.1914):

So construed the act is perfectly reasonable. The lawmaker who has suffered no pecuniary loss is not permitted to share in the assets of the estate with creditors who have. On the other hand, bankrupts who have violated laws passed for the public good cannot escape punishment by going into bankruptcy.

In enacting the Bankruptcy Code, Congress recognized that criminals should not be able to shield themselves from punishment by filing a petition in bankruptcy. 11 U.S.C.A. § 362(b)(1) (West 1979) provides that the filing of a petition in bankruptcy does not operate to stay the "commencement or continuation of a criminal action or proceeding against the debtor." The legislative history of that section reads: "The bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension." H.Rep. No. 595, 95th Cong., 1st Sess. 342, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6299. *See also* S.Rep. No. 989, 95th Cong., 2d Sess. 51, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5837. Congress also codified the case law under the Bankruptcy Act that made fines and penalties nondischargeable; section 523(a)(7) expressly excludes from discharge fines and penalties. Section 523(a)(7), however, does make fines and penalties that are compensation for pecuniary loss dischargeable.

The Bankruptcy Code, unlike the Bankruptcy Act, does not present questions of allowability and provability. Under the Bankruptcy Code, all creditors generally can share in the distribution of the debtor's estate subject only to the Bankruptcy Code's set of priorities. The general distribution section for liquidation cases is 11 U.S.C.A. § 726 (West 1979). It requires that fines and penalties be divided into the portion that is compensation for actual pecuniary loss and the portion that is not. That portion of the fine or penalty that is for actual pecuniary loss will participate in the distribution with general unsecured creditors, and that portion which is not will be subordinate to unsecured creditors. Thus, general unsecured creditors of a debtor do not suffer because of the debtor's wrongdoing, and since section 523(a)(7) expressly excludes from discharge fines and penalties that are not compensation for actual pecuniary loss, the government is free to collect such fines and penalties after the close of the debtor's bankruptcy case.

With this review of section 523(a)(7) and its origin in mind, the Court will turn to the issue at hand. Defendant argues that his obligation to pay the costs of prosecution is

"compensation for actual pecuniary loss" and cites to the Court the case of *United States v. Birmingham Trust & Savings Co. (In re Standard Home Co.)*, 258 F. 562 (5th Cir.1919), *cert. denied*, 251 U.S. 550, 40 S.Ct. 56, 64 L.Ed. 410 (1919). In that case, the bankrupt, a corporation, had been convicted under the criminal laws and ordered to pay a fine and to pay the costs of prosecution. The corporation subsequently filed a petition in bankruptcy. The United States made demand for payment from Birmingham Trust, the trustee of the bankrupt's estate, but the trustee refused to make payment to the United States. The United States then petitioned the referee in bankruptcy to order the trustee to pay the fine and costs to it. The referee rejected the petition of the United States, and this decision was affirmed on appeal to the district court.

On appeal to the Fifth Circuit, the case was reversed and remanded. The Fifth Circuit held that the fine was unquestionably a penalty, which was not allowable in bankruptcy. The costs, however, held the court, were compensation for pecuniary loss and were allowable as a claim in bankruptcy. *Id.* at 564–65.

Defendant argues that under the rationale advanced in *Birmingham Trust,* a judgment of costs is made to compensate for pecuniary loss and is not barred from discharge by section 523(a)(7) of the Bankruptcy Code. Defendant's error lies in his failure to consider the workings of section 57j of the Bankruptcy Act and what was actually held by the court in *Birmingham Trust.*

As previously noted, section 57j dealt with allowability and not with dischargeability, which was dealt with in section 17 of the Bankruptcy Act. In *Birmingham*

*Trust,* the court held only that the government's claim for pecuniary loss should be allowed and that the government therefore could participate in the distribution of the bankrupt's estate. The Fifth Circuit in *Birmingham Trust* in no way passed on the dischargeability of the bankrupt's obligation to pay the costs of prosecution. *See* 1A Collier on Bankruptcy ¶ 17.03 (14th ed. 1978) (under the Act, a debt may be nondischargeable even though it is provable and it shared in the distribution). This Court now must determine whether Defendant's obligation to pay the costs of prosecution is nondischargeable.[3]

For purposes of dischargeability under the Bankruptcy Code, this Court is of the opinion that there exists a distinction between debts representing actual pecuniary loss to the government and debts representing fines and penalties imposed as part of a debtor's criminal sentence.[4] *See* S.Rep. No. 989, 95th Cong., 2d Sess. 79, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5865.

In analyzing the case before it, the Court notes the case of *In re Button,* 8 B.R. 692, 7 Bankr.Ct.Dec. 307, 3 Collier Bankr.Cas.2d 736 (Bkrtcy.W.D.N.Y.1981). In that case, the debtor pled guilty to larceny in a state criminal proceeding, and as part of his sentence, he was ordered to pay restitution to the victim. The debtor sought to have the bankruptcy court enjoin the enforcement of the order of restitution, arguing that section 523(a)(7) did not except the order of restitution from discharge. In finding the restitution obligation nondischargeable, the court noted:

> A condition of restitution in a sentence of probation is a part 'of the judgment of conviction. It does not create a debt nor

**3.** The Court has reviewed the legislative history of section 523(a)(7). The Court agrees with the opinion in *Tennessee v. Daugherty (In re Daugherty),* 25 B.R. 158, 9 Bankr.Ct.Dec. 1232, 7 Collier Bankr.Cas.2d 918 (Bkrtcy.E.D.Tenn. 1982), which states: "The joint explanatory statement related to § 523 (a)(7) of the Code appears to be limited to a discussion of tax penalties. A close reading of the statement is no more helpful in interpreting the statute than reading the text of the statute itself." *Id.* at

161, 9 Bankr.Ct.Dec. at 1234, 7 Collier Bankr. Cas.2d at 922.

**4.** Dischargeability is based on a legislative policy determination concerning the type of debt involved. *See* 1 Norton Bankruptcy Law and Practice § 27.01 (1981). Under the Bankruptcy Code, Congress chose not to impede the government's right to punish criminal violators. *See* 3 Collier on Bankruptcy ¶ 57.22 (14th ed. 1977).

a debtor-creditor relationship between the persons making and receiving restitution. As with any other condition of probationary sentence it is intended as a means to insure the defendant will lead a law-abiding life thereafter. . . .

*Id.* at 694, 7 Bankr.Ct.Dec. at 308, 3 Collier Bankr.Cas.2d at 738 (quoting *People v. Mosesson,* 78 Misc.2d 217, 218, 356 N.Y.S.2d 483, 484 (N.Y.Sup.Ct.1974)). The bankruptcy court in *Button* then found that an order for restitution did not establish a debtor-creditor relationship, and the obligation to make restitution was held nondischargeable in bankruptcy. In so holding, the court noted: "This is part of the punishment for the crime to which the debtor pleaded guilty. The Court cannot see in any section of the Bankruptcy Code an intention by the Federal Government to relieve debtors of criminal responsibilities." *Id.* at 694, 7 Bankr.Ct.Dec. at 308, 3 Collier Bankr.Cas.2d at 739. *See also United States v. Feinblatt (In re Kline),* 403 F.Supp. 974, 978 (D.Md. 1975), *aff'd,* 547 F.2d 823 (4th Cir.1977) ("An enactment which has as its purpose the punishment of conduct perceived as wrongful should be a 'penalty' under § 57j . . . .").

In this adversary proceeding, the Court finds that Defendant's obligation to pay the costs of prosecution was imposed as a penalty to punish Defendant for his violation of the criminal laws, rather than to compensate Plaintiff for actual pecuniary loss. 28 U.S.C.A. § 1918(b) (West 1966) provides: "Whenever any conviction for any offense not capital is obtained in a district court, the court may order that the defendant pay the costs of prosecution." Because the taxing of costs under section 1918(b) is within the discretion of the court in which a defendant's conviction is obtained, *United States v. Pommerening,* 500 F.2d 92, 101 (10th Cir.1974), *cert. denied,* 419 U.S. 1088, 95 S.Ct. 678, 42 L.Ed.2d 680 (1974), it is apparent that Defendant's obligation to pay the costs was imposed as punishment for his violation of the criminal laws. Had the costs represented a claim for pecuniary loss (as in most debtor-creditor relationships), the imposition of the costs should be mandatory rather than discretionary. Defendant's obligation to pay the costs of prosecution thus does not arise from any debtor-creditor relationship between him and Plaintiff. Plaintiff did not extend credit to Defendant, but imposed upon him the obligation to pay costs as a part of his criminal sentence.

In finding that the obligation to pay the costs of prosecution is imposed primarily as punishment, the Court notes the case of *Barnes v. United States,* 223 F.2d 891 (5th Cir.1955). In that case, the Fifth Circuit held:

A sentence in a criminal case is the action of the Court fixing and declaring the legal consequences of predetermined guilt of a criminal offense. It is apparent from the rule that where the Court directs the payment by a person convicted of a crime, of a fine and costs, the direction is a part of the sentence.

*Id.* at 892 (citation omitted).

In light of the above, the Court is of the opinion that Defendant's obligation to pay the costs of prosecution is nondischargeable in bankruptcy. Because there are no material questions of fact for trial and Plaintiff has demonstrated that it is entitled to judgment as a matter of law, the Court will grant Plaintiff's motion for summary judgment. R.Bankr.P. 7056, Fed.R.Civ.P. 56(c).

An order in accordance with this opinion is attached hereto.