*305 HARLINGTON WOOD, Jr., Circuit Judge.
We must determine in this bankruptcy matter whether the costs of a Wisconsin criminal prosecution are a dischargeable debt under 11 U.S.C. § 523(a)(7).[1]
Debtor James Michael Zarzynski was convicted in the Circuit Court of Eau Claire County, Wisconsin of reckless homicide in violation of Wis.Stat. § 940.06(1), and was sentenced on December 16, 1981 to an indeterminate prison term of not more than one year and three months. As a part of the sentence Zarzynski was ordered to pay the costs of his prosecution in the sum of $8,254.10 pursuant to section 973.06(1) of the Wisconsin Statutes,[2] which defines and limits the costs which may be taxed against a defendant.
On October 27, 1982, Zarzynski and his wife Kathryn Kleist Zarzynski, filed a joint petition for voluntary bankruptcy under Chapter 7 of Title 11 and on February 22, 1983 received a discharge of their dis-chargeable debts. In May, 1983, Eau Claire County commenced an action against Zarzynski seeking to collect the court costs. The debtors responded by seeking an order in the bankruptcy court to enjoin the county from its collection efforts.
The bankruptcy judge denied debtors’ motion for an injunction. The judge held that the obligation of a debtor to pay the costs of a criminal prosecution is imposed as part of the sentence to punish him for violation of the criminal laws rather than to compensate Eau Claire County for actual pecuniary loss and that therefore the costs were excepted from discharge pursuant to the provisions of 11 U.S.C. § 523(a)(7). In coming to that conclusion, the bankruptcy court relied on Zwick v. Freeman, 373 F.2d 110, 116 (2d Cir.), cert. denied, 389 U.S. 835, 88 S.Ct. 43, 19 L.Ed.2d 96 (1967), which held that governmental sanctions are not debts for bankruptcy purposes even if the sanctions require monetary payments. Nor is it within the intent of bankruptcy law, the bankruptcy judge pointed out, to relieve a creditor from such criminal responsibility. See In re Button, 8 B.R. 692, 693-94 (Bankr.W.D.N.Y.1981). The bankruptcy judge also looked to the legislative history of the Bankruptcy Code and found this general guideline: “The bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension. Thus, criminal actions and proceedings may proceed in spite of bankruptcy.” H.R.Rep. No. 595, 95th Cong., 1st Sess. 342, reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6299; S.Rep. No. 989, 95th Cong., 2nd Sess. 51, reprinted in 1978 U.S.Code Cong. & Ad. News 5787, 5837. Finally, the bankruptcy judge relied on In re Cox, 33 B.R. 657 (Bankr.M.D.Ga.1983):
Defendant’s obligation to pay the costs of prosecution thus does not arise from any debtor-creditor relationship between him and plaintiff. Plaintiff did not extend credit to defendant, but imposed *306 upon him the obligation to pay costs as a part of his criminal sentence.
33 B.R. at 662. Debtors appealed and the district court affirmed the bankruptcy court. Debtors now appeal that affirmance to this court.
It is the position of debtors that the $8,254.10 court costs computed under Wis. Stat. § 973.06, which limits the costs to certain disbursements actually paid by the county, fall within the discharge provisions of 11 U.S.C. § 523(a)(7). Section 523(a)(7) provides for the discharge of a debt resulting from a fine, penalty or forfeiture, payable to and for the benefit of a governmental unit provided it is owed “for actual pecuniary loss.” If it is not “for actual pecuniary loss,” the obligation is not discharged. The debtors recognize.as a matter of public policy that ordinary fines and penalties are not dischargeable, but argue that under section 523(a)(7) there is a distinction between debts representing actual pecuniary loss to the county and debts resulting from fines imposed as part of the criminal sentence. Debtors point out that the costs were not imposed under Wis.Stat. § 939.50(3)(C), which authorizes the imposition of fines. Debtors also rely on the policy that exceptions to discharge are to be construed strictly against a creditor and liberally in favor of the debtor.
We adopt the reasoning of the bankruptcy and district courts. Section 523(a)(7) provides for discharge of a debt owed to a governmental unit as “compensation for actual pecuniary loss.” In our view what a county expends in a criminal prosecution in the fulfillment of its statutory police power responsibilities is not “an actual pecuniary loss” to the county. It is, of course, an expenditure by the government, part of the expense of governing, but the county did not undertake the expense expecting to create a debtor-creditor relationship. In this case, the county did its duty to protect the public by convicting and punishing a law violator. There is no county pecuniary loss when the county functions as it should in the furtherance of its public responsibilities.
Nor does the fact that the costs are based on what the county expended in the criminal trial convert the costs into “compensation for actual pecuniary loss.” The costs can be viewed a part of the penalty even though it is a penalty measured by the extent of certain county expenditures for the trial. As the Second Circuit once said, “bankrupts who have violated laws passed for the public good cannot escape punishment by going into bankruptcy.” In re Abramson, 210 Fed. 878, 880 (2d Cir.1914).
The court costs were not discharged and are now due and owing by the debtors to the county of Eau Claire, Wisconsin.
AFFIRMED.

. 11 U.S.C. § 523(a)(7) provides
(a)A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty....

. Section 973.06(1) of the Wisconsin Statutes provides
(1) the costs taxable against the defendant shall consist of the following items and no others:
(a) The necessary disbursements and fees of officers allowed by law and incurred in connection with the arrest, preliminary examination and trial of the defendant, including, in the discretion of the court, the fees and disbursements of the agent appointed to return a defendant from another state or country.
(b) Fees and travel allowance of witnesses for the state at the preliminary examination and the trial.
(c) Fees and disbursements allowed by the court to expert witnesses. Section 814.04(2) shall not apply in criminal cases.
(d) Fees and travel allowance of witnesses for the defense incurred by the county at the request of the defendant, at the preliminary hearing and the trial.
(e) Attorneys fees payable to the defense attorney by the county or the state. Wis.Stat.Ann. § 976.06(1) (West 1985).