**In re Joseph A. THOMPSON, Debtor.**

**No. 91–15420.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Virginia.

Sept. 30, 1992.

Nils G. Peterson, Arlington, Va., for debtor.

John M. Tran, Asst. Commonwealth's Atty., Alexandria, Va.

Robert O. Tyler, Alexandria, Va., trustee.

Dennis J. Early, Alexandria, Va., Asst. U.S. Trustee.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Chief Judge.

This matter is before the Court on the motion of Joseph A. Thompson (the "Debtor") to reopen his bankruptcy case pursuant to § 350(b) of the Bankruptcy Code, 11 U.S.C. § 350(b).[1] The Debtor seeks to reopen this case in order to add the Circuit Court of the City of Alexandria to his schedules as a nonpriority, unsecured creditor so that his obligation to pay the costs of prosecuting him for a felony in 1988 will be discharged. The Commonwealth of Virginia (the "Commonwealth"), through the Commonwealth's Attorney for the City of Alexandria, opposes the Debtor's motion.

---

**1.** All further references to individual section numbers refer to Title 11 of the United States Code unless otherwise stated.

For the reasons set forth herein, we deny the Debtor's motion to reopen his bankruptcy case.

The facts are undisputed. On September 22, 1988, the Debtor was convicted of a felony in the Circuit Court of the City of Alexandria. Consequently, the Debtor was sentenced to a period of confinement and ordered to pay the costs of prosecution in accordance with section 19.2–336 of the Code of Virginia. Va.Code Ann. § 19.2–336 (Michie 1983). On December 13, 1991, the Debtor filed his voluntary petition pursuant to Chapter 7 of the Bankruptcy Code. He was granted a discharge on March 25, 1992, and his case was closed on April 27, 1992. On March 31, 1992, the Circuit Court of the City of Alexandria notified the Debtor of the outstanding costs of prosecution stemming from his conviction. On May 18, 1992, the Debtor filed the pending motion to reopen his case to add the prosecution costs to his schedules to have them discharged.

Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The Debtor contends that he was unaware until after his discharge was granted that the Commonwealth had a prepetition claim for the costs of prosecuting him. He further asserts that he is entitled to a discharge of his obligation to pay the Commonwealth the costs of prosecuting him and that, therefore, reopening the case would "accord relief to the debtor" or constitute "other cause" within the meaning of § 350(b). The Commonwealth opposes the Debtor's motion on the ground that the obligation to pay the prosecution costs would be nondischargeable pursuant to § 523(a)(7) of the Bankruptcy Code and adding the Commonwealth as a creditor would therefore neither "accord relief to the debtor" nor qualify as "other cause" for reopening a case.

Whether "to reopen a case depends upon the circumstances of the individual case and ... the decision whether to reopen is committed to the court's discretion."

*Hawkins v. Landmark Fin. Co. (In re Hawkins)*, 727 F.2d 324, 326 (4th Cir.1984). Because we conclude for the following reasons that the Commonwealth's prosecution costs are nondischargeable pursuant to § 523(a)(7), we hold that reopening the Debtor's case would not accord relief to the debtor, and no other cause to reopen has been put forth. Thus, the Debtor's motion to reopen his case is denied.

Pursuant to § 523(a)(7), a debtor is not entitled to a discharge of any debt payable to a governmental unit to the extent it is for a "fine, penalty, or forfeiture" that is "not compensation for actual pecuniary loss." In *In re Zarzynski*, 771 F.2d 304 (7th Cir.1985), the Court of Appeals for the Seventh Circuit affirmed the bankruptcy court's decision that "the obligation of a debtor to pay the costs of a criminal prosecution is imposed as part of the sentence to punish him for violation of the criminal laws rather than to compensate [the governmental unit] for actual pecuniary loss[.]" *Id.* at 305. The *Zarzynski* court further stated that

[t]here is no ... pecuniary loss when the [governmental unit] functions as it should in the furtherance of its public responsibilities.

Nor does the fact that the costs are based on what the [governmental unit] expended in the trial convert the costs into "compensation for actual pecuniary loss." The costs can be viewed a part of the penalty even though it is a penalty measured by the extent of certain [government] expenditures for the trial.

*Id.* at 306.

The Seventh Circuit's *Zarzynski* holding was followed by the Sixth Circuit in *Tennessee v. Hollis (In re Hollis)*, 810 F.2d 106 (6th Cir.1987), wherein the court reversed the bankruptcy and district courts which had held that costs of prosecution, imposed as a condition of the debtor's criminal probation, were dischargeable. Although the court, interpreting Tennessee law, noted that the assessment of costs "was intended, at least in part, to compensate the State for the expense it had incurred in prosecuting" the debtor, the court held that because

the costs imposed were part of the debtor's criminal sentence, such costs were nondischargeable pursuant to § 523(a)(7). *Id.* at 108.

▪ Pursuant to section 19.2–336 of the Code of Virginia, a person acquitted of a crime is not assessed the costs of prosecution. Because the prosecution costs are imposed only when a criminal defendant is found guilty, such costs are in the nature of a "fine, penalty, or forfeiture" contemplated by § 523(a)(7) and "not compensation for actual pecuniary loss."

Our conclusion is further supported by *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), in which the United States Supreme Court considered the Bankruptcy Code "in light of the history of bankruptcy court deference to criminal judgments and in light of the interests of the States in unfettered administration of their criminal justice systems," *id.* at 44, 107 S.Ct. at 358, and held that "§ 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." *Id.* at 50, 107 S.Ct. at 361. In the case at bar, the Debtor's payment of the prosecution costs is a condition of fulfilling his criminal sentence.

▪ The Debtor argues that the costs of prosecution were either not "a fine, penalty, or forfeiture" or were "compensation for actual pecuniary loss" within the meaning of § 523(a)(7). In support of his argument, the Debtor cites *Anglea v. Commonwealth,* 51 Va. (10 Gratt.) 696 (1853), in which the court found that the costs of prosecution assessed against a convicted defendant were

> exacted simply for the purpose of reimbursing to the public treasury the precise amount which the conduct of the defendant has rendered it necessary should be expended for the vindication of the public justice of the state and its violated laws.... Payment of costs is no part of the sentence of the court, and constitutes no part of the penalty or punishment prescribed for the offence.

*Id.* at 701. The actual holding of the *Anglea* court was that a pardon releasing the convict from all "pains, penalties or forfeitures" failed to release the convict's obligation to pay the costs of prosecution, because such costs were neither a "pain," "penalty," nor a "forfeiture" within the language of the pardon. *Id.* at 700. The *Anglea* court did not, however, analyze whether costs of prosecution are encompassed within the language of § 523(a)(7). The analysis of the *Anglea* court cannot properly be extended from its particularized context involving a pardon to an analysis of what constitutes a nondischargeable "fine, penalty, or forfeiture" within the meaning of the Bankruptcy Code. Construing the language of a pardon to exclude costs of prosecution is not akin to a finding that costs of prosecution are dischargeable in bankruptcy. *See Hollis,* 810 F.2d at 108 (costs imposed as a condition of the Debtor's probation were nondischargeable pursuant to § 523(a)(7) notwithstanding a Tennessee statute providing that such costs "shall not be deemed part of the penalty" in a criminal case). If any conclusion can be drawn from the *Anglea* decision, it is that Virginia law is designed to prevent convicted defendants from avoiding their obligation to pay the costs of prosecution. As the Supreme Court noted in *Robinson,* our analysis under § 523(a)(7) must be done "in light of the interests of the States in unfettered administration of their criminal justice systems." *Robinson,* 479 U.S. at 44, 107 S.Ct. at 358.

Finally, the Debtor argues that the Commonwealth is barred from collecting the costs of prosecution because it has failed to comply with various Virginia statutory prerequisites. These arguments are best made in defending an action by the Commonwealth to enforce payment.

An Order denying the Debtor's motion to reopen this case has been entered.