### In re Russell WARD and Elnora Ward, Debtors.

### Tracy Wolford and Brian Wolford, Plaintiffs,

### v.

### Russell Ward and Elnora Ward, Defendants.

### Bankruptcy No. 98 B 09010. Adversary No. 98 A 01016.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

May 18, 1999.

Richard A. Dudek, Worker & Power, Chicago, IL, for Plaintiff.

Kevin William Bloese, Stock, Carlson, Flynn & Bloese, Wheaton, IL, for Defendant.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of Russell Ward and Elnora Ward (the "Debtors") for summary judgment on the complaint filed by Tracy Wolford and Brian Wolford (the "Creditors") to determine that the debt owed by the Debtors on the claim of the Creditors should be found nondischargeable under 11 U.S.C. § 523(a)(2)(A). For reasons set forth herein, the Court denies the motion because there are disputed material issues of fact that cannot be resolved at this stage of the proceeding. Concurrently herewith, the Court enters its Preliminary Pretrial Order setting this adversary proceeding for pretrial conference on July 30, 1999 at 9:00 a.m.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## II. FACTS AND BACKGROUND

This dispute arises from the pre-petition sale of the Debtors' former residence to the Creditors and the alleged misrepresentations made pursuant to the Illinois Residential Real Property Disclosure Act (765 ILCS 77/1 et seq.) incidental to the sale. The thrust of the Creditors' amended complaint is that the Debtors intentionally misrepresented or concealed material defects in the residence on which the Creditors relied that were not discovered until after the sale closed. A state court action was filed by the Creditors. The alleged defects were: (1) woodwork saturated with cat urine causing a pervasive odor; (2) the roof leaked during rainy weather; and (3) the basement flooded, all thereby causing the Creditors damage. A summary judgment motion was pending in the state court when the Debtors filed their Chapter 7 petition. The Creditors then filed this adversary proceeding. In the Debtors' answer to the amended complaint they deny some of the ultimate material allegations regarding the alleged fraudulent concealment; assert that the Illinois Act exempts from disclosure defects that they reasonably believed to have been corrected; and allege that the Creditors relied on representations made to them by a realtor, not the Debtors.

## III. APPLICABLE STANDARDS

### A. Summary Judgment

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

[T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). See also Dugan v. Smerwick Sewerage Co., 142 F.3d 398, 402 (7th Cir.1998). The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. Trautvetter v. Quick, 916 F.2d 1140, 1147

(7th Cir.1990); *Farries v. Stanadyne/Chicago Div.,* 832 F.2d 374, 378 (7th Cir.1987) (quoting *Wainwright Bank & Trust Co. v. Railroadmens Federal Sav. & Loan Ass'n of Indianapolis,* 806 F.2d 146, 149 (7th Cir.1986)). Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR Advance Transp. Co. v. International Bhd. of Teamsters, Local 710,* 153 F.3d 774, 777 (7th Cir.1998).

In 1986, the United States Supreme Court decided a trilogy of cases which encourage the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Matsushita,* 475 U.S. at 585–86, 106 S.Ct. 1348; *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Parkins v. Civil Constructors of Ill., Inc.,* 163 F.3d 1027, 1032 (7th Cir. 1998). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Frey v. Fraser Yachts,* 29 F.3d 1153, 1156 (7th Cir.1994). "Summary judgment is not an appropriate occasion for weighing the evidence; rather the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal,* 913 F.2d 327, 331 (7th Cir.1990).

Local Rule 402.M of the Bankruptcy Rules adopted for the Northern District of Illinois requires the party moving for summary judgment to file a detailed statement ("402.M statement") of material facts that the movant believes are uncontested. Local Bankr.R. 402.M. The 402.M statement "shall consist of short numbered paragraphs, including, within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." *Id.*

■ The Debtors filed a 402.M statement that partially complies with the requirements of Rule 402.M. Paragraphs 10–20 of the motion are styled "Uncontested Material Facts" and some refer to and incorporate attached exhibits furnished in support of the motion. The exhibits, however, are copies of some of the pleadings filed in this matter and the related state court action; the Creditors' depositions taken in the state court proceeding; the realtor's deposition; and a letter from one of the Creditors to the realtor and an attorney for the Debtors. These exhibits are multi-paged and several inches thick. The significance of all the materials and evidence contained therein is largely left for the Court to ferret out.

The party opposing a summary judgment motion is required by Local Rule 402.N to respond ("402.N statement") to the movant's 402.M statement, paragraph by paragraph, and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. Local Bankr.R. 402.N. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and make "specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Bankr.R. 402.N(3)(a).

The Creditors have not technically complied with Rule 402.N. They have not responded to each numbered paragraph in the Debtors' 402.M statement nor made specific references to parts of the record. The Creditors also have not complied with

Rule 402.N(3)(b) by setting forth additional facts in separate numbered paragraphs. Rather, in their response in opposition to the motion at bar, they set forth eleven separate unnumbered paragraphs containing multiple "Facts Regarding Material Defects in Walls, Floors or Leaking" which do not respond or correspond, directly or obviously, to the Debtors' "Uncontested Material Facts." In addition, the response incorporates various pleadings and depositions, all aggregating another several inches worth of papers for the Court to wade through and digest. This is insufficient for true compliance with Rule 402.N.

■ Local Bankruptcy Rules 402.M and 402.N are patterned after and substantially similar to Local District Court Rules 12(m) and 12(n). The precedents decided about the latter are instructive and applicable to the former. Compliance with Local Rules 402.M and 402.N is not a mere technicality. Courts rely greatly upon the information presented in these statements in separating the facts about which there is a genuine dispute from those about which there is none. *American Ins. Co. v. Meyer Steel Drum, Inc.*, 1990 WL 92882 at *7 (N.D.Ill. June 27, 1990). The statements required by Rule 402 are not merely superfluous abstracts of the evidence. Rather, they "are intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information on its own." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir.1994).

The problem in this matter is that the precise and specific parts of the record on which both sides rely is not laid out in the moving papers. Rather, the Court is asked to sort through copies of entire depositions and pleadings without adequate supporting briefs to show that there are no material factual disputes and that the Creditors are entitled to summary judgment as a matter of law.

## B. The Standards for Dischargeability in the Seventh Circuit

■ The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *Selfreliance Fed. Credit Union v. Harasymiw (In re Harasymiw)*, 895 F.2d 1170, 1172 (7th Cir.1990); *Banner Oil Co. v. Bryson (In re Bryson)*, 187 B.R. 939, 961 (Bankr.N.D.Ill.1995). The United States Supreme Court has held that the burden of proof required to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). *See also In re McFarland*, 84 F.3d 943, 946 (7th Cir.), *cert. denied*, 519 U.S. 931, 117 S.Ct. 302, 136 L.Ed.2d 220 (1996); *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994). To further the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor." *Goldberg Secs., Inc. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524 (7th Cir.1992) (quoting *In re Zarzynski*, 771 F.2d 304, 306 (7th Cir.1985)). *Accord In re Reines*, 142 F.3d 970, 972–73 (7th Cir. 1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 797, 142 L.Ed.2d 659 (1999).

## C. 11 U.S.C. § 523(a)(2)(A)

■ Section 523 of the Bankruptcy Code enumerates specific, limited exceptions to the dischargeability of debts. Section 523(a)(2)(A) provides:

A discharge under section 727 . . . does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the

debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A). To prevail on a complaint to determine dischargeability under § 523(a)(2)(A), a plaintiff must establish three elements. First, the plaintiff must show that the debtor obtained money, property, services, or an extension, renewal or refinancing of credit from it by making representations which the debtor either knew to be false or made with such reckless disregard for the truth as to constitute willful misrepresentation. *Scarlata,* 979 F.2d at 525; *see also Mayer v. Spanel,* 51 F.3d 670, 673–74 (7th Cir.1995) (discussing the elements of a claim under § 523(a)(2)(A)). The plaintiff must also show that the debtor acted with an intent to deceive. *Scarlata,* 979 F.2d at 525. Finally, the plaintiff must show that it justifiably relied on the debtor's false statements. *Field v. Mans,* 516 U.S. 59, 74–75, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).

## IV. *DISCUSSION*

There are material factual disputes as to each of the elements under § 523(a)(2)(A) that cannot be determined from the record at this time. The alleged failure of the Debtors to disclose the cat urine odor emanating from the woodwork, the basement flooding and roof leakage problems are at the heart of this matter. The Debtors assert in defense, however, that they disclosed the latter two problems. The extent and the materiality of the concealments as well as the extent and materiality of the damages claimed is less than clear on the limited record. That the Creditors relied in part on verbal representations made to them by the realtor does not necessarily preclude their additional reliance on the written representations made by the Debtors in the Residential Real Property Disclosure Report. The Creditors argue that fraud can be inferred from circumstantial evidence. However, the evidentiary record before the Court at this stage cannot be appropriately weighed or compared. Whether the Creditors' reliance was reasonable is also unclear at this stage because the Court is unable to weigh the conflicting evidence or make appropriate credibility determinations. The scienter element is likewise disputed and cannot be found at this point. Whether the Debtors were intentionally concealing known material defects to deceive the Creditors or were culpable of a lesser, perhaps negligent, level of intent with respect to their dealings with the Creditors or that of their agent, the realtor, is unknown from this record. Moreover, the extent of the agent realtor's express, implied or apparent authority is another issue unresolvable at this juncture. Consequently, the Court must deny the motion for summary judgment.

## V. *CONCLUSION*

For the foregoing reasons, the motion for summary judgment is hereby denied. Concurrently entered herewith is the Court's Preliminary Pretrial Order setting this adversary proceeding for pretrial conference on July 30, 1999 at 9:00 a.m.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.