In re David J. DeMARCO and Mary Ann DeMarco, Debtors.

Kingvision Pay Per View, Ltd.,
A Delaware corporation,
Plaintiff,

v.

Mary Ann DeMarco, Defendant.

Bankruptcy No. 99 B 6807.
Adversary No. 99 A 437.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

July 24, 2000.

Jeffrey R. Platt, Law Offices of Jeffrey R. Platt, Chicago, IL, for Movant or Plaintiff.

Mark D. Weisman, Chicago, IL, for Respondent or Defendant.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before the Court on the motion of Mary Ann DeMarco ("Debtor") for summary judgment, pursuant to Federal Rule of Civil Procedure 56, incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056. Debtor seeks summary judgment in her favor on the second amended adversary complaint of KingVision Pay Per View, Ltd. ("Plaintiff"). For the reasons set forth herein, Debtor's motion for summary judgment is denied.

## BACKGROUND

This is a dispute over the dischargeability of a claim for damages for alleged violations of the Cable Communications Policy Act of 1984. Plaintiff alleges that the debt arising from such claim constitutes a debt for a willful and malicious injury to Plaintiff or its property and that this debt should be found nondischargeable pursuant to 11 U.S.C. § 523(a)(6).[1]

The facts of this case have been previously set forth in this Court's October 26, 1999 memorandum of opinion dismissing Plaintiff's prior adversary complaint. *Kingvision Pay Per View, Ltd. v. DeMarco (In re DeMarco)*, 240 B.R. 282 (Bankr. N.D.Ill.1999). On June 28, 1997, Plaintiff broadcast the encoded, closed-circuit tele-

---

1. Unless otherwise indicated, references to Rules are to the Federal Rules of Bankruptcy Procedure and all statutory references are to Title 11 of the United States Code.

cast of the Professional Prizefight between Evander Holyfield and Mike Tyson, a telecast to which Plaintiff owned exclusive commercial exhibition and distribution rights. Plaintiff alleges that, on that evening, Debtor impermissibly intercepted, decoded, received, and then exhibited this broadcast of the fight at the commercial establishment which she owned and operated.

On October 30, 1998, Plaintiff filed a complaint in the United States District Court for the Northern District of Illinois against Debtor as an individual and against Spectators Sports Bar, Inc. ("SSB"), a corporation wholly owned by Debtor. Plaintiff's complaint alleged violations of §§ 553 and 605 of the Cable Communications Policy Act of 1984 (47 U.S.C. §§ 553 and 605 as amended).

On March 3, 1999, Debtor filed a petition for relief under Chapter 7 of the United States bankruptcy code[2]. Pursuant to the automatic stay, Debtor, in her individual capacity, thereafter obtained a dismissal without prejudice in the District Court litigation, and Plaintiff procured a default judgment against SSB, Inc.

On April 6, 1999, Plaintiff filed an amended adversary complaint objecting to the dischargeability of the debt arising from alleged violations of the Cable Communications Policy Act. Plaintiff's amended adversary complaint was subsequently dismissed on October 26, 1999 for failure to state a claim upon which relief may be granted. Plaintiff's complaint was dismissed with prejudice as to Plaintiff's allegations under § 523(a)(2)(A) and without prejudice to Plaintiff's claim under § 523(a)(6).

On November 22, 1999, Plaintiff filed its second amended adversary complaint. In the complaint, Plaintiff claims that Debtor's interception and exhibition of Plaintiff's broadcast was executed with knowledge of the potential harm such an action might inflict and with an intent to cause

such an injury to Plaintiff. Therefore, Plaintiff argues, the debt resulted from these acts constitutes a willful and malicious injury by Debtor and should therefore be adjudged nondischargeable under § 523(a)(6).

Debtor seeks summary judgment in her favor on Plaintiff's adversary complaint, arguing that Plaintiff has failed to adequately plead facts demonstrating that Debtor's actions inflicted a willful and malicious injury to either Plaintiff or the property of Plaintiff, that Plaintiff should be judicially estopped from arguing an intent to harm, and that, as a matter of law, Plaintiff will be unable to prevail on its complaint.

### APPLICABLE STANDARDS

The purpose of summary judgment is to avoid unnecessary trials when there is no genuine issue of material fact. *Farries v. Stanadyne/Chicago Div.*, 832 F.2d 374, 378 (7th Cir.1987), *Wainwright Bank & Trust Co. v. Railroadmens Federal Sav. & Loan Ass'n of Indianapolis*, 806 F.2d 146, 149 (7th Cir.1986). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986), *Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir.1990). The existence of factual disputes is sufficient to deny summary judgment only if the disputed facts are outcome determinative. *UNR Industries, Inc. v. Walker (In re UNR Industries, Inc.)*, 224 B.R. 664, 665 (Bankr. N.D.Ill.1998), *Jones Truck Lines, Inc. v. Republic Tobacco, Inc.*, 178 B.R. 999, 1003 (Bankr.N.D.Ill.1995). The burden is on

---

**2.** 11 U.S.C. §§ 101–1330.

the moving party to show that no genuine issue of material fact exists. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552, *Matsushita*, 475 U.S. at 585–87, 106 S.Ct. at 1355–56, *Matter of Chicago, Missouri & Western Ry. Co.*, 156 B.R. 567 (Bankr.N.D.Ill.1993). This burden is met when the record, as a whole, could not lead a rational trier of fact to find for the non-moving party. *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348.

On summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348, citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). However, the party opposing the motion may not rest upon pleadings, allegations or denials. The response of that party must set forth specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Summary judgment must be entered against a party who fails to show the existence of an essential element of that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. In that situation, there is no genuine issue of material fact since a total failure of proof concerning an essential element of the case renders all other facts immaterial. *Id.* at 323, 106 S.Ct. 2548. Therefore, the moving party is entitled to judgment as a matter of law. *Id.* The dischargeability of debts is governed by § 523(a). Section 523(a) states, in pertinent part:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt–

\* \* \*

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *In re Harasymiw*, 895 F.2d 1170, 1172 (7th Cir.1990); *Banner Oil Co. v. Bryson (In re Bryson)*, 187 B.R. 939, 961 (Bankr.N.D.Ill.1995). The United States Supreme Court has held that the burden of proof required to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re McFarland*, 84 F.3d 943, 946 (7th Cir.), *cert. denied*, 519 U.S. 931, 117 S.Ct. 302, 136 L.Ed.2d 220 (1996); *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994). To further the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor." *In re Scarlata*, 979 F.2d 521, 524 (7th Cir.1992) (quoting *In re Zarzynski*, 771 F.2d 304, 306 (7th Cir.1985)).

## DISCUSSION

Plaintiff asserts that its claim for violations of the Cable Communications Policy Act of 1984 creates a debt resulting from a willful and malicious injury by debtor which is nondischargeable, pursuant to § 523(a)(6). Debtor contends that Plaintiff has failed to plead facts demonstrating all of the elements required to constitute a cause of action under that section and, as a matter of law, she is entitled to summary judgment in her favor.

In its second amended adversary complaint, Plaintiff alleges that Debtor "willfully intercepted or received the interstate communication of the event and ... transmitted, divulged, published and exhibited said communication to the patrons, employees and agents at Spectators Sports Bar and Restaurant." Plaintiff also alleges that Debtor knew that her actions would cause injury to it and that Debtor "intended harming the licensor of the Event when she illegally broadcast the Tyson–Holyfield Event in her commercial establishment." While making conclusory

allegations, Plaintiff alleges few relevant facts in its pleadings to support these allegations, alleging only that Debtor was not authorized to receive the broadcast of the prizefight that the broadcast was encoded and that Debtor did receive and exhibit the broadcast.

■ In order for Plaintiff to obtain a determination of nondischargeability under § 523(a)(6), Plaintiff must plead and ultimately prove three elements: (1) that Debtor's actions caused an injury; (2) that Debtor's actions were willful; and (3) that the Debtor's actions were malicious. *French Kezelis & Kominiarek v. Carlson*, 2000 WL 226706 (N.D.Ill.2000); *See also A.V. Reilly International, Ltd. v. Michael Rosenzweig (In re Rosenzweig)*, 1999 WL 569446, at *12 (Bankr.N.D.Ill.1999).

■ In *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) the Supreme Court held that for a debt to meet the requirements for nondischargeability under § 523(a)(6), a plaintiff must specifically plead and prove that the defendant has caused a deliberate or intentional injury to the plaintiff. *Kawaauhau*, 523 U.S. 57, 118 S.Ct. at 977. The Supreme Court explicitly instructed that "the word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to an injury." *Id.* Thus, merely proving an intentional act is insufficient to warrant nondischargeability—to defeat Debtor's motion, Plaintiff must allege facts which could demonstrate "acts done with the actual intent to cause injury." *Id.*, 523 U.S. 57, 118 S.Ct. at 977.

This Court has construed the requirements set forth in Supreme Court's opinion in *Kawaauhau* strictly, requiring that Plaintiff must plead and ultimately prove that Debtor's alleged act was committed "for the purpose of causing injury to the [plaintiff]." *In re Kraye*, 1998 WL 775654, *5, (Bankr.N.D.Ill.1998); [Court dismissed a § 523(a)(6) complaint alleging a debt arising from the debtor's retention of pension benefit funds owed to the plaintiff for services provided to debtor's father, the fund beneficiary, and where the failure to dispense these funds did cause a financial injury to the plaintiff, because of a failure to demonstrate that the debtor had actually intended to harm the plaintiff.] *See also In re Tomlinson*, 1999 WL 294879, (Bankr.N.D.Ill.1999) [Court found that debt arising from misstatement and omissions used by defendant to encourage plaintiff to invest heavily with the defendant's securities investment company despite knowing that the plaintiff was financially ill-suited to make such investments and made several misstatements and omissions to secure such investments was dischargeable because debtor had acted to help himself and his indifference to the possible effects of his actions upon the Plaintiffs was no more than reckless under § 523(a)(6).]

■ While, in many instances, an action perpetrated with the intent to procure financial gain will cause a resulting loss to another party, the fact that such a loss occurs, even if such a loss is within the knowledge of the defendant, is insufficient to satisfy the stringent requirements for pleading and proving a willful and malicious injury under § 523(a)(6). The plaintiff in *Kraye* failed to allege that the financial injury was actually intended by Kraye, who likely sought to benefit himself by retaining the pension fund benefit payment and was likely indifferent to the losses incurred by the plaintiff. As a result, the plaintiff could not prevent discharge and this court granted Kraye's motion to dismiss the plaintiff's adversary complaint.

In *Miller v. J.D. Abrams Incorporated (In re Miller)*, 156 F.3d 598 (5th Cir.1998) and *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455 (6th Cir.1999), the Fifth and Sixth Circuits, respectively, have sought to create a new test for § 523(a)(6), expanding the scope of that section beyond that enunciated by the Supreme Court in *Kawaauhau* to include within the defini-

tion of "willful," acts by a debtor with the subjective knowledge that injury is substantially certain to result from [the debtor's] acts. *In re Markowitz*, 190 F.3d 455 (6th Cir.1999). While these cases are not considered to be mandatory precedent in the Seventh Circuit, neither the Seventh Circuit, nor this Court has taken an opportunity to determine whether such an expansive test may be employed under *Kawaauhau*.

■ For purposes of Debtor's motion for summary judgment, the Court must draw all factual inferences in the light most favorable to the party opposing the motion. *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348 (citation omitted). Plaintiff alleges that Debtor had knowledge that she would cause substantial injury to the Plaintiff through the capture and exhibition of the broadcast signal, and that she exhibited the event in her commercial establishment with the intent to cause such an injury to Plaintiff. In its response to Debtor's motion for summary judgment, Plaintiff suggests that Debtor's intent to cause injury to Plaintiff arose as a result of the 1996 lawsuit filed against Debtor and SSB, Inc., stating that "it is reasonable for the trier of fact to infer that the Debtor was upset about being sued in 1996 and wanted to hurt the party that sued her." While such an inference may be difficult to support at trial, Plaintiff's allegations are sufficient to raise a genuine factual dispute as to whether Debtor committed the alleged acts in question with the intent to injure Plaintiff or Plaintiff's property. Because, according to the Supreme Court in *Kawaauhau*, an actual intent to injure is an essential element of the test for nondischargeability under § 523(a)(6), the factual dispute is material and prevent Debtor from receiving summary judgment in her favor. Plaintiff's allegations raise a similar factual dispute under the 5th and 6th Circuits' test for § 523(a)(6), as well, as Plaintiff alleges that Debtor knew that injury would result from her actions.

■ Finally, Debtor argues that Plaintiff should be judicially estopped from presenting the allegation that Debtor acted with an intent to injure, because Plaintiff made statements in its District Court complaint against Debtor that Debtor's actions were driven by an express intent to secure a private financial gain and commercial advantage. While judicial estoppel is a matter of judicial discretion, the doctrine is only applicable when a party has obtained a successful result in the previous proceeding. *Astor Chauffeured Limousine Company v. Runnfeldt Investment Corp.* 910 F.2d 1540, 1547 (7th Cir.1990). Because Debtor obtained a voluntary dismissal in the District Court proceeding, judicial estoppel cannot apply to the allegations contained in Plaintiff's complaint.

### CONCLUSION

Plaintiff has pled sufficient facts in its second amended adversary complaint to determine nondischargeability under § 523(a)(6) to raise a genuine issue of material fact and to defeat Debtor's motion for summary judgment. Debtor's motion for summary judgment will, by separate order, therefore be denied.